**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                               :
JAMAR BROOKS,                  :
                               :   Civil Action No. 08-0187 (RMB)
             Petitioner,       :
                               :
     v.                        :      O P I N I O N
                               :
J. GRONDOLSKY, Warden, et al., :
                               :
             Respondents.      :
_____:
```

**APPEARANCES:**

Jamar Brooks, Pro Se
#55353-066
Federal Correctional Institution
P.O. Box 38
Fort Dix, NJ 08640

Karen Helene Shelton
Asst. U.S. Attorney
Office of the U.S. Attorney
402 East State Street
Trenton, NJ 08608
Attorney for Respondents

**BUMB**, District Judge

On January 9, 2008, Petitioner, confined at the Federal Correctional Institution, Fort Dix, New Jersey, filed with the Clerk of this Court the instant Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. On May 6, 2008, Respondents filed a motion to dismiss in response to the Petition. The Court has reviewed all documents submitted. For

the following reasons, the motion to dismiss will be denied. However, the Court will deny the petition on its merits.[1]

## BACKGROUND

Petitioner is serving a 156 month sentence for drug and weapons offenses. His projected release date is November 15, 2013.

On June 9, 2007, while incarcerated at the Federal Correctional Institution, Fort Dix, Petitioner was in the visiting room with a female visitor and his young daughter. An officer observed Petitioner touching the upper leg of his female visitor, and the visitor was touching Petitioner's genital area. Petitioner previously had been given warnings for excessive touching during visits.

---

[1] The present motion is labeled as a motion to dismiss by Respondents. According to Rule 4 of the Rules Governing Section 2254 Habeas Cases (applicable to cases filed under § 2241), cited by Respondents in their letter to this Court in which they ask to proceed by way of motion to dismiss rather than by filing an answer (docket entry 4), dismissal is appropriate "if it plainly appears from the petition and any attached exhibits," that Petitioner is not entitled to relief. Despite the fact that the petition and exhibits attached to the petition are the only documents to be examined, Respondents provide a record of Petitioner's disciplinary reports attached to the Declaration of Tara Moran, filed with their Brief. Thus, the Court finds that it is proper to decide this case on the merits, as a record has been provided. Petitioner was served with the Respondents' filing on May 6, 2008, and has not responded by way of opposition to the motion to dismiss, or a traverse.

An incident report charging Petitioner with a violation of code 205, engaging in sexual acts, was delivered to Petitioner the day of the incident.  Petitioner responded to the incident report stating that he was holding the visitor's hand and the visitor had their hands on her knee.  He stated there was no sexual contact of any kind, and that he would not have done anything to embarrass his visitor or harm his daughter.

The Unit Disciplinary Committee's ("UDC") chairman reviewed the report on June 29, 2007, and opined that the charges were more appropriately classified as a violation of code 407, improper conduct with a visitor, a less severe code violation than originally charged.  The UDC referred the matter to the Disciplinary Hearing Officer ("DHO"), and recommended that if the DHO found Petitioner guilty of the prohibited act, a six month loss of visitation privileges should be imposed.

On July 11, 2007, the DHO held a hearing and found that Petitioner had committed the disciplinary infraction of code 407, improper conduct with a visitor, rather than the more severe code 205 charge of engaging in a sexual act.  The DHO based the decision on the incident report and Petitioner's own statements at the hearing.  The DHO sanctioned Petitioner to loss of visiting privileges for ninety days.  The sanction was served, concluding on October 9, 2007.  Petitioner exhausted his administrative remedies, and the Regional and Central Offices

found that the hearing complied with the relevant regulations, and the punishment was appropriate.

On January 9, 2008, Petitioner filed this habeas petition. In his petition, he states that there was a videotape of the incident, which the UDC advised the DHO to review, but the DHO did not do so. Petitioner states that there was no prohibited act to be seen on the tape. Thus, because the DHO did not review the tape, Petitioner argues that his due process rights were violated.

Petitioner also expresses concern over the reporting officer's charging him with a code 205, stating that the officer "let his personal feelings get in the way," and "abused his authority." Petitioner asks that the file be changed to remove the wording used by the reporting officer, because the wording is damaging and not true. He also states that he should not have been locked in the Special Housing Unit ("SHU") after the incident, or in front of the DHO, since he was eventually only charged with a 407 code violation. He asks that his record be expunged, since he was found not guilty of the 205 code violation. Petitioner argues that the DHO is not authorized to change a prohibited act code.

Respondents' motion to dismiss argues first, that the petition is moot, as Petitioner's visitation privileges were restored as of October 9, 2007, after completion of the 90-day

sanction.  Second, Respondents argue that this Court lacks jurisdiction over the case, as the claims are not founded in habeas.

## DISCUSSION

**A.   Standard of Review**

Petitioner seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.   The Petition Will Be Denied.**

5

Petitioner challenges the disciplinary report issued against him, requesting that his record be expunged. He does not challenge the ninety day visitation loss sanction.[2]

In <u>Reynolds v. Williamson</u>, the Court of Appeals for the Third Circuit reviewed a District Judge's decision denying habeas relief under § 2241, in which the petitioner challenged a prison disciplinary proceeding and requested expungement of his prison record on due process grounds. <u>See</u> 197 Fed. Appx. 196, 2006 WL 2683442 (3d Cir. 2006) (unpubl.). The Court of Appeals found that the petitioner could not contest his disciplinary sanctions by means of habeas corpus. <u>See</u> <u>id.</u> at 198. With regard to the petitioner's request to have his record expunged, the Court of Appeals approved of the District Court's analysis utilizing <u>Paine v. Baker</u>, 595 F.2d 197 (4th Cir.), <u>cert. denied</u>, 444 U.S. 925 (1979). <u>See</u> <u>id.</u> at 199. As stated by the Court of Appeals:

> In <u>Paine</u>, the Fourth Circuit Court of Appeals held that, in certain limited circumstances, a state prisoner has a federal due process right to have "prejudicial erroneous information expunged from [his] prison files" where he shows that: (1) the information is in his file, (2) the information is false, and (3) the information is relied upon to a constitutionally significant degree. 595 F.2d at 201-202. We have not decided whether to endorse the right of expungement

---

[2] This Court agrees with Respondents that if Petitioner had challenged the sanctions imposed, his claim would not be cognizable in a § 2241 petition. <u>See</u> <u>Leamer v. Fauver</u>, 288 F.3d 532, 540-42 (3d Cir. 2002) (holding that § 2241 not proper jurisdictional basis "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction").

6

>     announced in Paine.  Even if we assume arguendo the due
>     process right exists, we agree with the District Court
>     that Reynolds is not entitled to relief.

Id. (citing Paine, 595 F.2d at 201-202).  Citing Superintendent v. Hill, 472 U.S. 445, 454 (1985), the Court of Appeals agreed with the District Court that because there was "some evidence" in the record to support the disciplinary finding, the petitioner had not demonstrated the second prong of Paine, that the information he sought to have expunged was false.  See id. at 199.[3]

Due process requires that findings of a prison disciplinary official that result in the loss of good time credits must be supported by "some evidence" in the record.  See Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill, 472 U.S. 445, 454-56 (1985); Young v. Kann, 926 F.2d 1396, 1402-03 (3d Cir. 1991).  The Supreme Court has stated:

>     Prison disciplinary proceedings take place in a highly
>     charged atmosphere, and prison administrators must
>     often act swiftly on the basis of evidence that might
>     be insufficient in less exigent circumstances.  The
>     fundamental fairness guaranteed by the Due Process
>     Clause does not require courts to set aside decisions
>     of prison administrators that have some basis in fact.
>     Revocation of good time credits is not comparable to a
>     criminal conviction, and neither the amount of evidence
>     necessary to support such a conviction, nor any other

---

[3]  This Court notes that the ongoing validity of Paine has been questioned.  See Johnson v. Rodriquez, 110 F.3d 299, 309 n.13 (5th Cir. 1997).  However, as discussed in this opinion, the Court of Appeals for the Third Circuit relied on Paine in deciding the Reynolds case in September of 2006, well-after Johnson was decided by the Fifth Circuit in 1997.

7

    standard greater than some evidence applies in this context.

Hill, 472 U.S. at 456 (internal citations omitted).

    In this case, although the loss of good time credits was not an issue, there was "some" evidence of a violation of code 407, improper conduct with a visitor.  As noted by the DHO in the DHO's report, attached as Exhibit E to the Declaration of Tara Moran, Petitioner admitted that he "had [his] hand on her knee at one point."  Also, the reporting officer stated that Petitioner's visitor touched Petitioner's genital area.[4]  Furthermore, the DHO's report reveals: "Also taken into consideration the viewing of the visit."  (DHO Report, Exhibit E to Respondents' Declaration of Tara Moran, at ¶ V).  The DHO, whose decision was reviewed by the Regional and Central Administrative Offices, found that the evidence was sufficient to support the finding against Petitioner.  As there was "some" evidence to support the

---

[4]  This Court notes that Bureau of Prison's Program Statement 5267.08 governs visiting regulations.  In relevant part, this section states:

> Staff shall permit limited physical contact, such as handshaking, embracing, and kissing, between an inmate and a visitor, unless there is clear and convincing evidence that such contact would jeopardize the safety or security of the institution.  Where contact visiting is provided, handshaking, embracing, and kissing are ordinarily permitted within the bounds of good taste and only at the beginning and at the end of the visit.  The staff may limit physical contact to minimize opportunity for the introduction of contraband and to maintain the orderly operation of the visiting area.

Program Statement 5267.08, at p. 17.

findings of the DHO, Petitioner, like the petitioner in <u>Reynolds</u>, has not illustrated facts regarding the second prong of <u>Paine</u>, that the information he seeks to expunge from his file was false.[5]

Petitioner's argument that portions of his incident report concerning statements made by the reporting officer and the original code 205 offense should be expunged, as Petitioner was found "not guilty" of code 205, is without merit.  The statements made by the reporting officer were utilized to find Petitioner guilty.  As Petitioner contends, they were not used to find Petitioner guilty of a code 205 offense; however, they were relied on by the DHO to find Petitioner guilty of the 407 offense.  As stated, Petitioner has not demonstrated that the information he seeks to expunge, the statements of the reporting officer, were false.

Petitioner's allegation that the DHO cannot change the incident code is misconstrued.  Petitioner seems to be arguing

---

[5] This Court further notes that it does not sit as an appellate court for Petitioner to argue, again, that the disciplinary finding against him was unwarranted.  As noted, on habeas review, this Court must determine if Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  In reviewing Petitioner's disciplinary hearing process, this Court finds that the hearing comported with due process mandates set forth in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974), codified in the Code of Federal Regulations at 28 C.F.R. § 541.10, <u>et</u> <u>seq.</u>  <u>See</u>, <u>e.g.</u>, 28 C.F.R. § 541.14 (incident report and investigation); 28 C.F.R. § 541.16 (establishment and functioning of the Discipline Hearing Officer); 28 C.F.R. § 541.17 (procedures before the Discipline Hearing Officer).

that because he was not found guilty of a code 205 offense, he must be found not guilty of any code violation, an "all or nothing" approach.  However, the Bureau of Prison's Program Statement 5270.07, Chapter 7, Page 5 notes:

> f.   The DHO shall consider all evidence presented at the hearing.  The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence.  The DHO shall find that the inmate either:
>
> (1) Committed the prohibited act charged and/or a similar prohibited act if reflected in the Incident Report; or
>
> (2) Did not commit the prohibited act charged or a similar prohibited act if reflected in the Incident Report.

Thus, in this case, the DHO found Petitioner guilty of a "similar prohibited act" of code 407, as stated in the Incident Report at Attachment A, ¶ 20 (attached as Exhibit B to Respondents' Declaration of Tara Moran, and attached to Petitioner's Petition).  The DHO's finding, therefore, fell under section 1 of Program Statement 5270.07, Chapter 7, section f., as quoted above.

As for expungement, it is true that if the DHO had found that Petitioner did not commit the act charged <u>or</u> the similar prohibited act, thereby falling under section 2 as quoted above, the DHO would be required to expunge the file of the Incident Report.  <u>See</u> Program Statement 5270.07, Chapter 7, Page 9, section i.

**CONCLUSION**

Based upon the foregoing, Respondents' Motion to Dismiss (docket entry 13) will be denied.  The petition will be denied on its merits.  An appropriate Order accompanies this Opinion.


                                    s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge
Dated: July 31, 2008